FANNIE M. MEIGS, Plaintiff, *v.* GRACE CODY and Others, Defendants.

Supreme Court, Onondaga County, March 16, 1929.

*E. L. Wildman*, for the plaintiff.

*Ernest O. Smith* [*Walter Welch* of counsel], for the defendant Lewis E. Barnett.

DOWLING, J. The defendant Cody, for the purpose of securing the payment to one Charles W. Forth of the sum of $4,100, with interest, on February 5, 1927, executed and delivered to the said Forth her bond, bearing date on that date, whereby she bound herself in the penal sum of $8,200, upon condition that the same should be void if the said Grace Cody, her heirs, executors, administrators or assigns should pay to the said Forth the said $4,100 in installments of $100 upon the first of each August and February, all of the said sum remaining unpaid to become due and payable on February 1, 1932, with interest at the rate of six per cent per annum, payable semi-annually, on the first of August and February following the date of said bond, and also in case any part of the said principal, interest or any money assessed for taxes or assessments as provided in said bond should remain unpaid for the space of thirty days after the same had become due and payable, the said moneys, principal and interest, at the option of said Forth, his heirs, executors, administrators or assigns, should become due and payable immediately thereupon.

As collateral security for the payment of said indebtedness, the said Grace Cody, on the same day, executed and delivered to the said Forth a mortgage, whereby she granted, bargained and sold to the said Forth the premises situate in the city of Syracuse and more particularly described in the complaint herein. The mortgage contained the same conditions as the bond and in the event of default as above set forth, said Forth, his heirs, executors, administrators or assigns, were empowered to sell the mortgaged premises according to law. Said mortgage was duly recorded in the Onondaga county clerk's office February 8, 1927. On August 1, 1928, there was unpaid on the principal of said bond and mortgage $3,900, with interest thereon from February 1, 1928. On August

1, 1928, there became due and payable on said bond and mortgage the sum of $100 principal and $117 interest, which sums remain unpaid. On May 1, 1928, the city of Syracuse acquired a lien against said premises, for city taxes, in the amount of $103.36, which sum, together with fees and interest, now amounting to $115.75, remains unpaid.

In March, 1928, the defendants entered into an agreement whereby Mrs. Cody exchanged the premises described in the complaint for premises owned by the said Barnetts, being Nos. 133–135 Richardson avenue, Syracuse, N. Y., and deeds were exchanged between them on or about April 2, 1928. At the time of this exchange there were two mortgages upon the premises in question, the instant mortgage being the junior of the two. The Barnetts did not assume or agree, in the deed of exchange received by them, to pay either of said mortgages or the interest thereon.

A short time subsequent to August 1, 1928, the defendant Lewis E. Barnett, finding himself unable to pay the interest on the first mortgage which was due July 1, 1928, amounting to $90, the interest on the said second mortgage due August 1, 1928, amounting to $117, the installment of principal due on that date, amounting to $100, and the said city tax amounting to $103, due May 1, 1928, entered into an agreement with the plaintiff wherein he assumed and agreed to pay on October 1, 1928, the said items above set forth in consideration of the plaintiff extending the time for that purpose upon said mortgages to October 1, 1928. The plaintiff, pursuant to said agreement, extended the time for the payment of said items of October 1, 1928. The defendant Lewis E. Barnett failed to carry out his part of said agreement by refusing and failing to pay the said items or any of them on October 1, 1928, or thereafter. Plaintiff thereafter elected that the whole amount of principal be immediately due and payable and instituted this action to foreclose her said junior mortgage.

The plaintiff claims in her complaint that the defendant Lewis E. Barnett assumed and agreed to pay, not only the items above set forth, but the entire principal sum of said junior mortgage. Defendant Barnett denies in his answer the making of any agreement whatsoever with the plaintiff in respect to the assumption of said mortgages or of said items.

The evidence establishes the making of the agreement upon the part of Lewis E. Barnett wherein he assumed and agreed to pay the items above set forth in consideration of said extension of time to October 1, 1928, on the part of the plaintiff. Said agreement was based upon a good consideration running to the said defendant. Due to the extension of time, the plaintiff was prohibited from foreclosing her said mortgage and said defendant enjoyed the use

and income of said property for a period of at least two months unhampered by foreclosure proceedings. That the evidence established such an agreement was held at the close of the trial.

The parties have handed up proposed findings, the plaintiff claiming that the defendant Lewis E. Barnett would be liable for any deficiency that might arise upon the sale to the extent of the items above set forth, with interest and costs; the defendant Lewis E. Barnett contending that the said items should first be paid out of the amount realized upon the sale of the premises herein and that he would not be liable for any deficiency or costs unless the premises failed to sell for enough to discharge said items and costs. The defendant's claim rests upon the theory that he is only a surety to the plaintiff for the payment of said mortgage, interest and tax to the extent of the above-specified items exclusive of said ninety dollar item which cannot be recovered here. If he were such a surety his position would be sound. His contention is untenable for the reason that when he assumed and agreed to pay the said items he became the original debtor in respect thereto and consequently he never was a surety or guarantor in any sense with respect thereto. The plaintiff could have maintained an action at law against him, based upon his said promise, to recover the items. This she did not choose to do but joined him as a defendant in this action, thereby electing to proceed against the property first and against him secondly in event of a deficiency arising upon the sale. Defendant Lewis E. Barnett is, therefore, liable to the plaintiff for any deficiency which may arise upon the sale of the mortgaged premises herein to the extent of the said items so assumed by him, with interest thereon and costs to be computed upon the basis of the items assumed by said defendant in as far as percentages are concerned.

Findings and decree accordingly.